IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **KRISTINE SADOWSKI,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**PRO CUSTOM SOLAR LLC, D/B/A MOMENTUM SOLAR**, a New Jersey company,<br><br>*Defendant.* | Case No.<br><br>**COMPLAINT--CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

### CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Kristine Sadowski ("Plaintiff" or "Sadowski") brings this Class Action Complaint and Demand for Jury Trial against Defendant Pro Custom Solar LLC ("Momentum Solar"), to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by placing unsolicited calls to consumers whose phone numbers are registered on the National Do Not Call registry ("DNC"), and to otherwise obtain injunctive and monetary relief for all persons injured by Defendant's actions. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### PARTIES

1. Plaintiff Sadowski is a Homosassa, Florida resident.

2. Defendant Pro Custom Solar LLC d/b/a Momentum Solar is a limited liability company organized under the laws of the State of New Jersey.

**JURISDICTION AND VENUE**

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) because Defendant does business through an office in this District and this case arises from the business Defendant does in this District through that office, and because the wrongful conduct giving rise to this case was directed to Plaintiff in this District.

**The Telephone Consumer Protection Act**

5. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

6. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

7. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

8. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of

action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

9. Momentum Solar sells and installs solar panels.

10. Momentum Solar uses telemarketing to promote its products and services.

11. Job postings that have been posted for Momentum Solar specifically recruit telemarketing agents. For example:



12. Employee reviews from Momentum Solar agents show that the agents engage in cold calling to generate business, as per Plaintiff's experience:

---

[1] https://www.ziprecruiter.com/c/Momentum-Solar/Job/Virtual-Telemarketing/-in-Austin,TX?jid=e9dddaadb7015e71&lvk=n7NqJLuzDPKqJM_yS3GQUg.--Lgo6_62hV



13. Unsurprisingly, there is a plethora of online complaints regarding unsolicited telemarketing calls that consumers received from Momentum Solar agents, including complaints from consumers who registered their phone numbers on the DNC such as:

- "Scam solar panel call from Momentum Solar that uses spoofed NJ #'s like:
973-863-XXXX
973-310-XXXX
973-221-XXXX

---

[2] https://www.glassdoor.com/Reviews/Momentum-Solar-call-center-Reviews-EI_IE1387632.0,14_KO15,26.htm
[3] *Id.*

4

- BS calls since I live in an apartment AND am on the DNC!"[4]
- "Did not answer at first. Then after second hell, Indian? Voice said, 'Momentum Solae Company'"[5]
- "Calling from Momentum solar. Asked them to take me of the calling list, but no such luck. Total scam!"[6]
- "Momentum Solar….Insists to spend only half an hour to explain solar…Why does their number come up Summit, NJ if they say they're from Metuchen?"[7]
- "Please have them stopped."[8]
- "ANSWER CALL NO REPLY, WILL ADD ON MY JUNK CALL LIST"[9]
- This company will not stop calling me. They call and address you on a first name basis as if you're friends. We aren't friends, I don't want your business, please stop calling!"[10]
- "This company has called me about 50 times a day from weird umbers for the past several weeks. EVERY SINGLE CALL is the same… I pick up, no one says anything, and it hangs up exactly at 7 seconds. Please stop your robo-calling, or I will report your company."[11]
- "I received a spoofed robocall today to my personal cell phone that is on the DNC list… the same call from 'Jason' that others have been complaining about."[12]

**Plaintiff Sadowski Received Repeated Unsolicited Calls to Her Landline Phone Number Despite Registering Her Phone Number on the DNC**

14. Plaintiff registered her landline phone number on the DNC on September 9, 2004.

15. Plaintiff uses her landline for personal use only. It is not associated with a business.

16. In the beginning of July, Plaintiff began receiving unsolicited, unwanted calls from Momentum Solar agents using a variety of phone numbers starting with 609-997-XXXX.

---

[4] https://800notes.com/Phone.aspx/1-973-863-3926
[5] https://800notes.com/Phone.aspx/1-754-999-7026
[6] https://800notes.com/Phone.aspx/1-908-517-4432
[7] Id.
[8] Id.
[9] Id.
[10] https://www.yelp.com/biz/momentum-solar-south-plainfield-3
[11] Id.
[12] Id.

5

17. For example, Plaintiff received the following calls:

609-997-7407 – 12:21 PM – August 19, 2020
609-997-7713 – 6:45 PM – August 18, 2020
609-997-7329 – 1:35 PM – August 18, 2020
609-997-7369 – 11:41 AM – August 18, 2020
609-997-7632 – 12:01 PM – August 17, 2020
609-997-7425 – 2:56 PM – August 15, 2020
609-997-7546 – 10:39 AM – August 15, 2020
609-997-7324 – 5:42 PM – August 14, 2020
609-997-7638 – 2:34 PM – August 14, 2020
609-997-7361 – 4:32 PM – August 11, 2020

18. Plaintiff did not answer the above phone calls.

19. If one calls any of the 10 phone numbers referenced above, an agent will answer and identify themselves as Momentum Solar.[13]

20. Frustrated by all the calls Plaintiff was receiving, Plaintiff Sadowski answered an unsolicited call she received from Momentum Solar from the phone number 609-997-7753 on August 19, 2020 at 2:22 PM.

21. When Plaintiff answered the call, an agent identified himself as an agent of Momentum Solar and began a sales pitch for installing solar panels.

22. Plaintiff specifically told the agent that she was not interested and told the agent that she was planning on moving, so she would not even need solar panels.

23. Despite letting the agent know that she was not interested, Plaintiff received additional unsolicited, unwanted calls from Momentum Solar agents on August 19, 2020 using phone numbers:

- 609-997-7632
- 609-997-7407
- 609-997-7713
- 609-997-7329
- 609-997-7369

---

[13] Based on calls placed on August 24, 2020 to each phone number by Plaintiff's counsel.

6

24. Surprised that she was still receiving unsolicited calls from Momentum Solar, Plaintiff Sadowski called 609-997-7361 back, a phone number she had just been called by.

25. An agent answered the call from Plaintiff and said they were with Momentum Solar.

26. In response, Plaintiff hung up the phone.

27. Plaintiff Sadowski was not looking to get solar for her home.

28. Plaintiff Sadowski has never provided Momentum Solar with her landline phone number and did not consent to receiving any telemarketing calls.

29. The many calls that Momentum Solar placed to Plaintiff's phone number caused Plaintiff Sadowski mental duress.

## CLASS ALLEGATIONS

30. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) and L.R. 23.2 on behalf of herself and all others similarly situated and seeks certification of the following National Do Not Call Class:

> All persons in the United States who, from four years prior to the filing of this action: (1) Defendant (or an agent acting on behalf of Defendant) made (2) two or more calls within any twelve-month period (3) to a residential phone number that was listed on the National Do Not Call Registry for at least 30 days before the first call (4) for the same purpose of Defendant's calls to Plaintiff and (5) for whom Defendant claims to have obtained consent or their telephone number in the same way Defendant claims to have obtained Plaintiff's consent or Plaintiff's telephone number or does not claim to have obtained consent.

31. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons;

and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff Sandowski anticipates the need to amend the Class definitions following appropriate discovery.

32. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

33. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

  (a) whether Defendant called members of the National Do Not Call Class;

  (b) whether Defendant's calls were telemarketing;

  (c) whether Defendant had prior express consent to make the calls;

  (d) whether Defendant's conduct constitutes a violation of the TCPA; and

  (e) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

34. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Class.

35. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Do Not Call Class)

36. Plaintiff repeats and realleges the foregoing paragraphs of this Complaint and incorporates them by reference.

37. Defendant placed two or more telemarketing calls to Plaintiff and the Do Not Call Class Members' telephone numbers.

38. Accordingly, Plaintiff and Do Not Call Class Members are entitled to an award of $500 in statutory damages for each violative telephone call pursuant to 47 U.S.C. § 227(c)(5).

39. Plaintiff and Do Not Call Class Members are entitled to an award of treble damages in an amount up to $1,500 telephone call, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, pray for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. An award to Plaintiff and the Class of damages, as allowed by law;

E. Leave to amend this Complaint to conform to the evidence presented at trial; and

F. Orders granting such other and further relief as the Court deems necessary, just, and proper.

**JURY DEMAND**

Plaintiff requests a jury trial.

Respectfully Submitted,

**Kristine Sadowski**, individually and on behalf of those similarly situated individuals

Dated: September 3, 2020

 /s/ *Avi Kaufman*
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Counsel for Plaintiff and the putative class*